Gwen Fanger (CA State Bar No. 191161)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: gwenfanger@dwt.com

Joe M. Hampton (moving for admission *pro hac vice*)
CORBYN HAMPTON
211 N Robinson, Suite 1910
Oklahoma City, OK 73102
Telephone: (405)239-7055
Facsimile: (405)702-4348
Email: jhampton@corbynhampton.com

Attorneys for Defendant AUTOQUIP CORPORATION

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRIAN CORNELL, | Case No. C13-02188-JCS |
| Plaintiff, | **ANSWER AND AFFIRMATIVE DEFENSES OF AUTOQUIP CORPORATION** |
| v. | |
| COLUMBUS McKINNON CORPORATION; AMERICAN LIFTS, INC.; AUTOQUIP doing business as AMERICAN LIFTS, and Does 1-200, inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendant, AUTOQUIP CORPORATION ("Autoquip"), answers and responds to plaintiff Brian Cornell's Complaint ("the Complaint") as follows:

**ANSWER**

1. The allegations contained in Paragraph 1 of the Complaint are directed to defendants (DOES 1 through 200) other than Autoquip and, therefore, do not require further response from Autoquip. To the extent a response is required, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies each and every allegation.

2. The allegations contained in Paragraph 2 of the Complaint appear to consist of legal conclusions that do not require a response from Autoquip. To the extent a response is required, such allegations are denied.

3. Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 3 of the Complaint and on that basis denies the allegations. The allegations contained in the second sentence of Paragraph 3 are denied.

4. The allegations contained in Paragraph 4 of the Complaint are directed to a defendant other than Autoquip and, therefore, do not require further response from Autoquip. To the extent a response is required, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies each and every allegation.

5. The allegations contained in Paragraph 5 of the Complaint are directed to a defendant other than Autoquip and, therefore, do not require further response from Autoquip. To the extent a response is required, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 5 and on that basis denies each and every allegation.

6. The allegations contained in Paragraph 6 of the Complaint are denied insofar as they reference "at all times herein mentioned, defendant AUTOQUIP doing business as AMERICAN LIFTS." Subject to and without waiving the foregoing response, Autoquip states

DAVIS WRIGHT TREMAINE LLP

that it is a corporation that is duly authorized to conduct business in the State of California and has its principal place of business at 1058 West Industrial Road in Guthrie, Oklahoma. Autoquip denies the remaining allegations in Paragraph 6. All other allegations in Paragraph 6 not specifically admitted are denied.

7. The allegations contained in Paragraph 7 of the Complaint are directed to defendants other than Autoquip and, therefore, do not require further response from Autoquip. To the extent a response is required, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 7 and on that basis denies each and every allegation.

8. The allegations contained in Paragraph 8 of the Complaint are directed to defendants other than Autoquip and, therefore, do not require further response from Autoquip. To the extent a response is required, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies each and every allegation.

9. To the extent the allegations in Paragraph 9 are directed at other defendants, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies each and every allegation. To the extent the allegations in Paragraph 9 are directed at Autoquip, they are denied.

10. To the extent the allegations in Paragraph 10 are directed at other defendants, Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies each and every allegation. To the extent the allegations in Paragraph 10 are directed at Autoquip, they are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 12 and on that basis denies each and every allegation.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. In answering Paragraph 14, Autoquip incorporates its response to each of the Paragraphs 1-13 as set forth above.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. The allegations contained in Paragraph 17 of the Complaint are denied.

18. The allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied.

21. The allegations contained in Paragraph 21 of the Complaint are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied.

23. Autoquip lacks sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 1 and on that basis denies each and every allegation.

24. In answering Paragraph 24, Autoquip incorporates its response to each of the Paragraphs 1-23 as set forth above.

25. The allegations contained in Paragraph 25 of the Complaint are denied.

26. The allegations contained in Paragraph 26 of the Complaint are denied.

27. The allegations contained in Paragraph 27 of the Complaint are denied.

28. The allegations contained in Paragraph 28 of the Complaint are denied.

29. The allegations contained in Paragraph 29 of the Complaint are denied.

30. In answering Paragraph 30, Autoquip incorporates its response to each of the Paragraphs 1-29 as set forth above.

31. The allegations contained in Paragraph 31 of the Complaint are denied.

32. The allegations contained in Paragraph 32 of the Complaint are denied.

33. The allegations contained in Paragraph 33 of the Complaint are denied.

34. The allegations contained in Paragraph 34 of the Complaint are denied.

35. The allegations contained in Paragraph 35 of the Complaint are denied.

36. The allegations contained in Paragraph 36 of the Complaint are denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied.

38. The allegations contained in Paragraph 38 of the Complaint are denied.

DAVIS WRIGHT TREMAINE LLP

**ADDITIONAL OR AFFIRMATIVE DEFENSES**

Autoquip asserts the following affirmative defenses to plaintiff's Complaint:

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted against Autoquip.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's conduct, or the conduct of other entities or individuals, whether or not parties to this action, caused or contributed to plaintiff's alleged injuries and damages. This conduct comparatively reduces any percentage of liability attributed to Autoquip (which liability it expressly denies), in the event liability is found to exist.

FOURTH AFFIRMATIVE DEFENSE

The alleged injuries and damages, if any, were the result of misuse of the subject product.

FIFTH AFFIRMATIVE DEFENSE

The product was used after knowledge of a defect, if any, existing in it.

SIXTH AFFIRMATIVE DEFENSE

On balance, in light of relevant factors, the benefits of the design of the subject product outweigh the risk of danger, if any, inherent in such design.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff assumed any and all of the risks, hazards and perils of the circumstances referred to in the Complaint, and therefore assumed the risks of any of the injuries or damages alleged by plaintiff, if any there were, and thus, plaintiff's claims are barred by plaintiff's assumption of risk and/or release of liability.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of any damages because of, and to the extent of, his failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

Any injuries or damages Plaintiff may have suffered were caused solely and proximately by the acts and omissions of others for which Autoquip is not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

Autoquip reserves the right to assert other defenses as this action proceeds up to and including the time of trial.

### **DEMAND FOR JURY TRIAL**

Autoquip requests this matter be heard by a jury.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant Autoquip Corporation, having fully answered, respectfully requests:

1. That the plaintiff Brian Cornell take nothing;
2. That judgment be entered in favor of Autoquip;
3. For the costs of the suit; and
4. For such other and further relief as the Court deems just and appropriate.

//
//
//
//
//

DATED this 20th day of May, 2013.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____*/s/ Gwen L. Fanger*_____
Gwen L. Fanger
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:(415) 276-6500
Facsimile:  (415) 276-6599
Email:       gwenfanger@dwt.com

Joe M. Hampton (moving for admission *pro hac vice*)
CORBYN HAMPTON
211 N Robinson, Suite 1910
Oklahoma City, OK 73102
Telephone:(405)239-7055
Facsimile:  (405)702-4348
Email: jhampton@corbynhampton.com

Attorneys for Defendant
AUTOQUIP CORPORATION