IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN CORNELL,

    Plaintiff,

v.

COLUMBUS MCKINNON CORP., *et al.*,

    Defendants.

No. C 13-02188 SI

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Currently before the Court is plaintiff's motion to remand. Pursuant to Civil Local rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for July 19, 2013. Having carefully considered the papers submitted, the Court DENIES plaintiff's motion to remand, for the reasons set forth below.

**BACKGROUND**

On February 11, 2013, plaintiff filed a complaint against Columbus McKinnon Corporation, American Lifts, Inc., Autoquip, and Does 1-200, claiming he was injured while performing his usual work duties for Federal Express at the Oakland Hub at Oakland International Airport. Compl. ¶ 3. Plaintiff alleges that on February 16, 2011, his foot was crushed while he used a scissor lift cargo moving system, and that the injury was caused by defects in the design and/or manufacture of the system. Compl. ¶ 12. Plaintiff alleges that his injury caused permanent damage to his person, body and health, "including but not limited to severe injuries to muscle, bone, tissue and nerves." Compl. ¶¶ 12, 19. Plaintiff alleges that as a result of defendants' conduct, plaintiff needed to employ the services of hospital, surgeons, physicians, and nurses, which led to medical, hospital, professional, and incidental expenses. Compl. ¶ 20. Plaintiff believes he will necessarily incur additional expenses for an indefinite

period into the future. *Id*. Plaintiff also claims to have suffered continuous chronic pain, suffering, anxiety, and emotional distress. Compl ¶ 21. Finally, plaintiff claims he sustained a loss of earning capacity because he is now prevented from attending to his usual occupation for an unforeseeable time into the future. Compl. ¶ 22.

Plaintiff filed the complaint on February 11, 2013 in Alameda County Superior Court. Defendants removed the case to this Court on May 13, 2013, based on diversity jurisdiction. Plaintiff argues that the case should be remanded because there is no evidence to show the amount in controversy is above $75,000.

## LEGAL STANDARD

A defendant may remove any civil action brought in a state court over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Original federal jurisdiction embraces an action founded on federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(a), (b). A defendant must remove within thirty days of receiving plaintiff's initial pleading or, where the case is not removable based on the initial pleading, within thirty days of receiving an amended pleading, motion, order or other paper from which it may first be ascertained that the case has become removable. 28 U.S.C. § 1446(b). Federal law expressly provides that a district court shall remand any action in which subject-matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," courts must strictly construe the removal statute against removal jurisdiction. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)); *see also Petrie v. Pacific Stock Exch., Inc.*, 982 F. Supp. 1390, 1393 (N.D. Cal. 1997) ("[T]he court must reject federal jurisdiction if there is any doubt as to whether removal was proper."). The burden of establishing grounds for federal jurisdiction rests on the removing party. *Emrich v. Touche-Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ( "[T]he 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.").

## DISCUSSION

Where an action based on diversity jurisdiction is filed in federal court, defendants seeking to dismiss for want of jurisdiction based on the amount in controversy must generally demonstrate "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). But a different situation is presented when a case is removed from state to federal court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Depending on the circumstances, a removing defendant may be subject to one of three different burdens of proof. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). First, when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount. *Id.* (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996)). Second, where the amount in controversy is in dispute and where it is unclear from the face of the complaint whether the plaintiff is seeking more than $75,000, "the removing [party] bears the burden of establishing, by a preponderance of the evidence," that the amount in controversy exceeds the jurisdictional threshold. *Sanchez*, 102 F.3d at 404. In such cases, the removing party must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount. *Id.* Finally, when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the "party seeking removal must prove with legal certainty" that the jurisdictional amount is met. *Guglielmino*, 506 F.3d at 699 (citing *Lowdermilk v. U.S. Bank National Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).

In order to determine the appropriate burden of proof, the court must decide whether the amount in controversy is evident or unclear from the face of the complaint. In *Heunisch v. Holland Group, Inc.*, 2007 U.S. App. LEXIS 15642 (9th Cir. June 27, 2007), the court found that the amount in controversy was not facially evident from the complaint because the complaint only stated general damages in excess of $10,000, punitive damages in excess of $10,000 and did not attach a dollar figure to the prayer for relief. *Id.* at 1. As in *Holland*, the complaint in this case does not attach a dollar figure to the prayer for relief and states damages, only generally, for injuries to plaintiff's person, body and health. Compl. ¶ 19. Although the complaint describes damages including chronic pain, worry and anxiety and

3

continuing medical expenses, no discrete amount is alleged; thus, it is not facially evident that the jurisdictional threshold has been met. Compl. ¶¶ 20-22.

Because the amount in controversy is not facially evident, the removing party must "prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Merely stating conclusory allegations based upon "information and belief" that the amount in controversy exceeds $75,000 is not sufficient. *Valdez v. Indemnity Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The Court may consider "any summary-judgment type evidence relevant to the amount in controversy at the time of the removal and facts presented in the removal papers to decide if the burden is met." *Id.*

The Court finds that defendants have satisfied their burden of proving by a preponderance of the evidence that the amount in controversy requirement is met. Defendants argue that plaintiff's own allegations and list of damages show that the amount in controversy exceeds the jurisdictional minimum. Defs.' Opp'n 2.[1] Plaintiff seeks damage for past, present and future medical expenses, including the cost of employing surgeons, physicians, and other medical professionals. Compl. ¶ 20. A Workers Compensation Appeal Board Claim filed by the plaintiff shows that pain medicine charges from August 2011 to December 2012 alone totaled $22,456. Defs.' Opp'n Ex. B. Plaintiff also claims that he was forced to miss work and that he is now prevented from engaging in his usual occupation, leading to past, present, and future loss of earnings and loss of earning capacity. Compl. ¶ 21. The record shows that, at the time of injury, the plaintiff was earning $810 per week. Defs.' Opp'n Ex. A. From February 2011, the time of injury, to February 2013, the time the complaint was filed, the plaintiff claims to have been prevented from working for about 96 weeks, totaling about $77,000 in lost wages. Thus, considering only the pain medicine charges and current lost earnings, the amount in controversy totals over $100,000. Moreover, plaintiff also alleges that he suffers chronic pain, numbness, anxiety, and emotional distress as a result of the accident. Compl. ¶ 21.

---

[1] The court may consider defendants' opposition and evidence in support thereof, as an amendment to the defendants' Notice of Removal. *Cohn, D.V.M. v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2000).

4

Considering the damages alleged in the complaint, the defendants' opposition, and the documents in support thereof, the Court finds that the preponderance of the evidence shows that the amount in controversy meets the jurisdictional threshold.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiff's motion to remand. This resolves Docket No. 20.

**IT IS SO ORDERED.**

Dated: July 18, 2013

SUSAN ILLSTON
United States District Judge