PETER W. ALFERT, SBN 83139
KAREN H. KAHN, SBN 98404
MARK T. BALLER, SBN 261331
HINTON ALFERT & KAHN LLP
200 Pringle Ave., Suite 450
Walnut Creek, California  94596
Telephone: (925) 279-3009
Facsimile:  (925) 279-3342

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CORNELL,<br><br>        Plaintiffs,<br><br>    v.<br><br>COLUMBUS McKINNON CORPORATION, AUTOQUIP CORPORATION, YALE INDUSTRIAL PRODUCTS, INC.,   and DOES 1-200, inclusive,<br><br>        Defendants. | Case No. 313-CV-02188-JCS<br><br>**STIPULATION OF THE PARTIES TO CONTINUE TRIAL AND ALL RELATED DATES; [PROPOSED] ORDER** |

IT IS HEREBY STIPULATED between PLAINTIFF BRIAN CORNELL ("Plaintiff") through his counsel of record, HINTON ALFERT & KAHN, and DEFENDANTS COLUMBUS MCKINNON CORPORATION ("CMCO"), AUTOQUIP CORPORATION ("Autoquip"), AND YALE INDUSTRIAL PRODUCTS, INC. ("Yale") (collectively "Defendants"), by and through their counsel of record, HAIGHT, BROWN & BONESTEEL, as follows:

///

///

///

///

///

///

///

**GOOD CAUSE FOR THE STIPULATION**

WHEREAS, on March 27, 2014, the Court issued the following Scheduling Order:

| | |
|---|---|
| Fact Discovery Cutoff | August 29, 2014 |
| Expert Designation Deadline | September 19, 2014 |
| Rebuttal Expert Designation | October 10, 2014 |
| Expert Discovery Cutoff | November 13, 2014 |
| Dispositive Motion Deadline | November 17, 2014 |
| Hearing on Dispositive Motion(s) | December 19, 2014 |
| Pretrial Conference | March 3, 2015 |
| Trial | March 16, 2015 |

WHEREAS, on May 29, 2014, by stipulation of the parties, plaintiff filed a First Amended Complaint naming Yale as a defendant in this action.  There were a series of meet and confer discussions between the parties with regard to which company or companies should be joined as defendants in the case based on their role in the chain of distribution of the equipment on which plaintiff alleges he was injured.  Because the date of manufacture of the subject equipment was allegedly twenty-three years ago, the corporate history has been difficult to piece together.  The parties ultimately stipulated to adding Yale as a defendant;

WHERAS, on June 18, 2014, plaintiff served the First Amended Complaint, as well as a Notice and Acknowledge of Receipt, on Yale's counsel of record;

WHEREAS, on June 26, 2014, Yale's counsel of record executed and returned the Notice of Acknowledgement and Receipt to plaintiff's counsel;

WHEREAS, the parties have conducted significant discovery to date, including:
    a. Requests for Production, Set 1, propounded on CMCO (served December 17, 2013)
    b. Requests for Production, Set 1, propounded on Autoquip (served December 17, 2013)
    c. Requests for Production, Set 2, propounded on CMCO (served January 2, 2014)
    d. Requests for Production, Set 3, propounded on CMCO (served March 2014)
    e. Requests for Production, Set 2, propounded on Autoquip (served March 2014)
    f. Requests for Admission, Set 1, propounded on CMCO (served March 2014)
    g. Requests for Admission, Set 1, propounded on Autoquip (served March 2014)
    h. Requests for Production, Set 4, propounded on CMCO (served March 2014)
    i. Requests for Production, Set 3, propounded on Autoquip (served March 2014)

      j. Requests for Admission, Set 2, propounded on CMCO (served March 2014)
      k. Requests for Admission, Set 2, propounded on Autoquip (served March 2014)
      l. A 30(b)(6) of a CMCO PMQ taken on June 12, 2014
      m. A joint site inspection of the Federal Express hub at Oakland International Airport;
      n. Deposition of Brian Cornell;

WHEREAS, notwithstanding the parties' good faith effort to complete discovery, significant discovery still remains to be completed, especially in light of the recent addition of Yale as a party to the litigation;

WHEREAS, outstanding discovery to date includes:

      a. Special Interrogatories, Set 1, propounded on CMCO (served June 2014)
      b. Special Interrogatories, Set 1, propounded on Autoquip (served June 2014)
      c. Additional subpoena(s) for documents to Federal Express (served June 2014);
      d. A 30(b)(6) deposition of Federal Express has been noticed for July 2014;
      d. A 30(b)(6) deposition of a Autoquip PMQ has been set for August 2014

WHEREAS, Plaintiff has prepared and intends to serve discovery on defendant Yale;

WHEREAS, Plaintiff awaits the production of documents pursuant to subpoena that was served on Yale prior to Yale being a named and represented party to this action;

WHEREAS, Plaintiff will notice, by subpoena to Federal Express, a second site inspection at the FedEx facility where plaintiff worked, as well as at an additional location where plaintiff reports modified lift equipment is being used. Yale will be able to attend this inspection. This second site inspection is necessary because the initial site inspection did not include an inspection the truck trailer from which plaintiff was offloading freight at the time of the incident. Plaintiff has waited to notice this second site inspection until Autoquipproduced design drawings of the lift equipment on which plaintiff alleges he was injured. Defendant Autoquip produced design drawings of lifting equipment, bearing either Autoquip or American Lifts labels. Design drawings depicting the backing plate (also known as a "truck bumper") have not been produced as the designer and manufacturer backing plate has not yet been identified. Autoquip states that the design drawings that were produced constituted protected proprietary information. The parties cooperated in good faith to Stipulate to a Protective Order prior to the production of these documents. The Protective Order was filed with this Court on May 29, 2014, and defendant Autoquip served the requested design drawings the same day. Plaintiff is now ready to notice the

second site inspection.

WHEREAS, based upon the 30(b)(6) deposition of CMCO, plaintiff is now preparing new discovery to propound on CMCO, Autoquip, and Yale, which will include revised definitions of the equipment on which plaintiff claims he was injured.  Defendants CMCO and Autoquip objected to plaintiff's prior sets of discovery based on Plaintiff's failure to specifically and consistently identify the lift equipment in question.  Plaintiff contends that their prior discovery requests sufficiently described the equipment because they used product and/or serial numbers which appeared on documents produced by FedEx and by CMCO.  The parties continue to meet and confer regarding Defendants' responses to Plaintiff's discovery.

WHEREAS, the parties have met and conferred regarding discovery that still remains to be completed in order to prepare for trial, including:
   a. The second FedEx site inspection;
   b. Deposition of Federal Express' 30(b)(6) witness(es);
   c. Depositions of additional (30)(b)(6) witnesses of Defendants;
   d. Additional written discovery, including but not limited to "follow up" discovery to Plaintiff's prior written discovery that CMCO and Autoquip objected to based as described above

WHEREAS, Plaintiff is now scheduling a surgical procedure in September to amputate his left foot, there will need to be additional discovery regarding Plaintiff's medical condition.

WHEREAS, Plaintiff's counsel HINTON ALFERT & KAHN is set for trial in Solano County Superior Court on August 8, 2014 in a 7-plaintiff, complex, toxic tort case with an estimated trial length of 20 – 30 days, and all three attorneys at HINTON ALFERT & KAHN are currently completing fact and expert discovery in that case.  There are 40 retained and non-retained expert witness depositions in that case, 17 of which have been completed and 23 of which are pending.  This case was filed on August 25, 2009.  The five-year deadline to complete trial of the matter was extended to October 6, 2014 due to surgery of defense counsel.

WHEREAS, notwithstanding the parties good faith meet and confer efforts regarding discovery and cooperative efforts to diligently prepare this case for trial, it will not be possible for the parties to complete discovery under the Court's current Trial Preparation Order.

WHEREAS, the parties have met and conferred regarding reasonable deadlines to complete

1  trial preparation in this action and they have agreed that an additional 90 days as to each deadline
2  will allow the parties to complete the necessary discovery and prepare for trial.
3      WHEREAS, the parties have met and conferred regarding completion of ADR and have
4  agreed that an additional 120 days from the current June 2014 deadline will allow the parties to
5  participate in meaningful settlement discussions.
6      IT IS THEREFORE STIPULATED AND AGREED by and between the parties that the
7  trial date of March 16, 2015 be continued to June 16, 2015 or any day thereafter that is convenient
8  for the Court's calendar, and that the following schedule govern the remainder of this litigation:
9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

| MATTER | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| FURTHER CASE MANAGEMENT | 7/25/14 at 3:00 p.m | 7/25/14 at 3:00 p.m |
| NON-EXPERT DISCOVERY CUTOFF | 8/29/14 | 11/28/14 |
| ADR COMPLETION DATE | JUNE 2014 | OCTOBER 2014 |
| DESIGNATION OF EXPERTS | 9/19/14 | 12/19/14 |
| REBUTTAL EXPERT DESIGNATION | 10/10/14 | 1/12/15 |
| EXPERT DISCOVERY CUTOFF | 11/13/14 | 2/12/15 |
| DISPOSITIVE MOTIONS | Filed by 11/17/14<br><br>Opp. Due 12/1/14<br><br>Reply Due 12/8/14<br><br>Heard by 12/19/14 | File by 2/16/15<br><br>Opp. Due 3/2/15<br><br>Reply Due. 3/9/15<br><br>Heard by 3/20/15 |
| PRETRIAL CONFERENCE DATE | 3/3/15 at 3:30 PM | ~~June 2015~~ 6/9/15 @3:30 pm |
| TRIAL DATE (ESTIMATED 10 DAYS) | 3/16/15 at 8:30 AM | ~~June 2015~~ 6/22/15 @8:30am |

Date:                                              HINTON ALFERT & KAHN

                                    By:     /s/ Mark T. Baller
                                           PETER W. ALFERT
                                           KAREN H. KAHN
                                           MARK T. BALLER
                                           Attorneys for plaintiff

Date:                                              HAIGHT, BROWN & BONESTEEL

                                    By:     /s/ Krsto Mijanovic
                                           KRSTO MIJANOVIC
                                           CRISTINA GUIDO
                                           Attorneys for Defendants

Date:

By:  7/21/14

                                           [signature: Susan Illston]
                                           SUSAN ILLSTON
                                           Senior District Judge
                                           United States District Court
                                           Northern District of California

-6-
STIPULATION FOR EXTENSION OF DEADLINES IN TRIAL PREPARATION ORDER
[PROPOSED] ORDER

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.:
COUNTY OF LOS ANGELES    )

*BRIAN CORNELL v. COLUMBUS McKINNON CORPORATION; AMERICAN LIFTS*
C 13-02188 SI

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, California 90071.

On July 15, 2014, I served the within document(s) described as:

STIPULATION OF THE PARTIES TO CONTINUE TRIAL AND ALL RELATED DATES

on the interested parties in this action as stated below:

Peter W. Alfert
Karen J. Kahn
Mark T. Baller
HINTON ALFERT & KAHN LLP
200 Pringle Avenue, Suite 450
Walnut Creek, California 94596

*Attorneys for Plaintiff*
*Tel:   (925) 279-3009*
*Fax:   (925) 279-3342*

[X]  (CM/ECF) Pursuant to the United States District Court Procedural Rules for Electronic Case Filing and the Case Management/Electronic Case Filing Rules, I electronically served the above-listed documents on the parties shown above for the above-entitled case, as listed above.

Executed on July 15, 2014, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Julie C. Mentesana | /s/Julie C. Mentesana |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CK06-0000001
9881008.1

7

STIPULATION OF THE PARTIES TO
CONTINUE TRIAL AND ALL RELATED
DATES

# PROOF OF SERVICE

STATE OF CALIFORNIA       )
                          ) ss.:
COUNTY OF LOS ANGELES     )

*BRIAN CORNELL v. COLUMBUS McKINNON CORPORATION; AUTOQUIP CORPORATION*
*3:13-cv-02188 SI*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, California 90071.

On July 15, 2014, I served the within document(s) described as:

STIPULATION OF THE PARTIES TO CONTINUE TRIAL AND ALL RELATED DATES

on the interested parties in this action as stated below:

Scott H.Z. Sumner
SUMNERLAW
1299 Newell Hill Place, Suite 202
Walnut Creek, CA 94596

*Co-Counsel for Plaintiff*
*Tel:   (925) 278-6170*
*Fax:  (925) 278-6174*
ssumner@sumnerlawyers.com

[X] (ELECTRONIC MEANS) I caused such document(s) to be Electronically Served through E-Mail for the above-entitled matter. This service complies with Code of Civil Procedure §1010. The file transmission was reported as complete and a copy of the "Sent" page will be maintained with the file copy of the document(s) in our office.

Executed on July 15, 2014, at Los Angeles, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct.

| Julie C. Mentesana | /s/ Julie C. Mentesana |
|---|---|
| (Type or print name) | (Signature) |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Los Angeles

CK06-0000001
9881008.1

8

STIPULATION OF THE PARTIES TO CONTINUE TRIAL AND ALL RELATED DATES