UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN CORNELL,

    Plaintiff,

    v.

COLUMBUS MCKINNON CORPORATION, et al.,

    Defendants.

Case No. 13-cv-02188-SI

**ORDER RE: DISCOVERY LETTER**

Re: Dkt. No. 55

## BACKGROUND

On February 11, 2013, plaintiff filed a complaint against Columbus McKinnon Corporation, American Lifts, Inc., Autoquip, and Does 1-200, claiming he was injured while performing his usual work duties for Federal Express ("FedEx") at the Oakland Hub at Oakland International Airport. Compl. ¶ 3. Plaintiff alleges that on February 16, 2011, his foot was crushed while he used a scissor lift cargo moving system, and that the injury was caused by defects in the design and/or manufacture of the system. Compl. ¶ 12. On July 18, 2013, this Court denied plaintiff's motion to remand this action to state court. Docket No. 24. On May 29, 2014, plaintiff filed a first amended complaint. Docket No. 40.

Now before the Court is a discovery dispute letter submitted by the parties and FedEx. The parties have served a total of twelve subpoenas on FedEx; FedEx has responded to the first seven of these subpoenas but has taken the position that it need not respond to the remaining requests. Docket No. 55, Discovery Letter 3-4. FedEx, a non-party to this action, opposes certain discovery sought by the parties, and further requests that it receive compensation from the parties for any further discovery-related expenses. *Id.* at 4.

**LEGAL STANDARDS**

**I.    Rule 45**

Rule 45(d)(2)(B)(ii) requires that when a court orders compliance with a subpoena over an objection, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). The Rule leaves little room for discretion on the question of when cost shifting must be applied. "[W]hen discovery is ordered against a non-party, the only question before the court in considering whether to shift costs is whether the subpoena imposes significant expense on the non-party. If so, the district court must order the party seeking discovery to bear at least enough of the cost of compliance to render the remainder 'non-significant.'" *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013), *citing Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).

However, while "[t]he shifting of significant expenses is mandatory, . . . the analysis is not mechanical; neither the Federal Rules nor the Ninth Circuit has defined 'significant expenses,' which is a term that readily lends itself to myriad interpretations depending on the circumstances of a particular case." *United States v. McGraw-Hill Companies, Inc.*, No. CV 13-0779-DOC JCGX, 2014 WL 3810328, at *3 (C.D. Cal. Aug. 1, 2014). "What constitutes a 'significant' cost is at the discretion of the district court." *Callwave Commc'ns, LLC v. Wavemarket, Inc.*, No. C 14-80112 JSW (LB), 2014 WL 2918218, at *3 (N.D. Cal. June 26, 2014). In making this determination, a court may "take into account the financial ability of the non-party to bear some costs" for purposes of establishing whether expenses are "significant." *Linder* 251 F.3d at 182; *see also McGraw-Hill* No. CV 13-0779-DOC JCGX, 2014 WL 3810328, at *4 ("This consideration makes practical sense -- an expense might be 'significant,' for instance, to a small family-run business, while being 'insignificant' to a global financial institution.").

**II.    Rule 26**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P.

26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

## DISCUSSION

### I. Cost Shifting

FedEx argues that it is entitled to be at least partially compensated for its costs incurred in responding to all future subpoenas, which it estimates will amount to $75,000. Discovery Letter at 4. The parties argue (1) because FedEx is seeking reimbursement from plaintiff in the form of a workers' compensation lien, it has an interest in the outcome of the litigation and therefore is not a "non-party" as contemplated by Rule 45, (2) that its projected financial expenses are unreasonable, and (3) even if its projected costs are reasonable, they would not be "significant" in light of its ability to pay.

Rule 45(d)(2)(B)(ii) requires a court to determine whether costs actually incurred are "significant" in light of all the facts and circumstances, and if so, what proportion of the expenses are recoverable by the non-party. Furthermore, by requiring that a party only be entitled to expenses "resulting from compliance" with a court order compelling discovery, the Rule inherently requires that the Court decide whether the expenses themselves were reasonable. *McGraw-Hill* No. CV 13-0779-DOC JCGX, 2014 WL 3810328, at *3 ("Rule 45 does not cut a blank check to nonparties-unnecessary or unduly expensive services do not 'result from compliance' and, therefore, do not count as 'expenses.'").

The Court therefore DEFERS ruling on this issue at this juncture. Once all discovery has been produced, FedEx may file a motion for cost shifting. The Court may then rely on the

developed record to determine whether significant expenses have indeed been reasonably incurred. FedEx's assertion that it will incur $75,000 in future expenses is unsupported by any independent facts or data, and does not provide a proper basis for making such a determination at this time.

However, the Court ORDERS the parties to meet and confer so as to ensure that future discovery propounded on FedEx is not duplicative or unnecessarily burdensome.

## II.     Pending Discovery Requests

FedEx opposes (1) plaintiff's request for a spreadsheet in its possession which records all accidents or injuries that occurred on FedEx loading docks since 2002[1], (2) plaintiff's request for identification of all FedEx employees who were working at the FedEx facility in Oakland on the day of plaintiff's accident, (3) defendant's request that FedEx produce witnesses and custodians of records for upcoming depositions, and list its "person most qualified" and custodian of records on a number of topics. Discovery Letter at 8-13.

The Court agrees with plaintiff that the accident information in the spreadsheet is likely to lead to relevant evidence, namely, similar accidents that have occurred in the past, and any potential product defects associated with the cargo system plaintiff was operating at the time he was injured. FedEx insists that it should be allowed to independently review the spreadsheet, and provide information on only those incidents it deems to be sufficiently related. Discovery Letter at 9. This argument is unavailing. The spreadsheet is clearly likely to lead to relevant evidence; plaintiff should have the opportunity to make his own determination as to what data is relevant for purposes of prosecuting this action. Accordingly, the Court ORDERS FedEx to produce the spreadsheet to plaintiff.

Plaintiff has requested that FedEx provide a list of all employees working at the Oakland facility on the day of the accident. FedEx responds that providing such information would invade the privacy of its employees, and that there are "better, more direct, and less burdensome ways for plaintiff to obtain this information" – although it provides no such alernatives. *Id.* at 10. The

---

[1] The parties have agreed that FedEx may redact all private information from the spreadsheet. Discovery Letter at 8.

1  Court finds that such information is likely to lead to relevant evidence, such as ascertaining the
2  names of witnesses to the accident, and therefore ORDERS FedEx to produce the information to
3  plaintiff.  To the extent FedEx has concerns regarding the privacy of its employees, it may enter
4  into a protective order with the parties to govern the use of these materials.

5  The remainder of the discovery requests relate to the production of witnesses for
6  subpoenas and naming "persons most qualified" and custodians of records.  FedEx does not object
7  to these requests on substantive grounds; it only asserts that it refuses to comply with these
8  requests in the absence of the Court ruling on whether it is entitled to fee shifting under Rule
9  45(d)(2)(B)(ii).  As noted above, the Court ORDERS FedEx to comply with all such discovery
10 requests, without prejudice to filing a motion for fee shifting once it has actually incurred expenses
11 related to complying with them.

**IT IS SO ORDERED**.

Dated: November 10, 2014

_____
SUSAN ILLSTON
United States District Judge

5