# VALENCIA WILBERDING & TOMPKINS
## ATTORNEYS AT LAW

BRIAN D. AMONN
FREDERICK B. MUGLER
ROBERT D. ROMERO

7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

DEAN A. TOMPKINS
RONALD VALENCIA
THOMAS A. WILBERDING

May 5, 2015

Hon. Magistrate Judge Susan Illston
USDC, Northern District
San Francisco Courthouse
Courtroom 10 – 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

### Re: Cornell v. Columbus McKinnon, et al.
### Case No. C 13-02188-SI

Dear Judge Illston:

Plaintiff and third party Sedgwick Claims Management Services ("Sedgwick") submit this Joint Statement pursuant to Your Honor's Standing Order (No. 3) regarding discovery disputes.

This is not a discovery dispute between Sedgwick and plaintiff – rather Sedgwick requests a court order before producing documents responsive to plaintiff's subpoena. Plaintiff does not object to Sedgwick's request. Defendants' counsel has confirmed defendants are not taking a position on this matter and that defendants' counsel will not be signing this letter.

## BACKGROUND FACTS

Plaintiff was injured while working for FedEx at its Oakland Airport hub. He suffered a lower leg crush injury while unloading a heavy container from his truck trailer onto an air cargo system at a loading dock at the hub. The air cargo system is comprised of two parts: an "air cargo lift" and a "floating truck bumper". Plaintiff alleges defendants manufactured the air cargo lift.

OAKLAND OFFICE
7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

SAN DIEGO OFFICE
402 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101
P:(619) 615-4226 • F:(619) 374-7429

Plaintiff's contention is that he was injured on the air cargo lift. Defendants' contention is that plaintiff was injured in the space between the truck trailer and the floating truck bumper.

## THE SUBPOENA AT ISSUE

Plaintiff's subpoena served on Sedgwick for production of documents was dated March 10, 2015. The subpoena seeks production of the first notice of loss and the doctor's first medical report from approximately 167 claims files of prior and current FedEx employees who suffered lower leg crush injuries at eight FedEx hubs across the country. A copy of the subpoena is attached as Exhibit 1.

## PLAINTIFF'S STATEMENT REGARDING THE DOCUMENTS SOUGHT

Plaintiff served the subpoena after FedEx produced a "chart" of prior incidents. FedEx produced the chart in response to this Court' s Order re Discovery Letter [Dkt. No. 55].

The 167 claims at issue were isolated by plaintiff out of *thousands* of prior incidents produced in the chart by FedEx. They were isolated by the location and the type of injury the workers suffered. The eight hubs where these claims arose are locations where FedEx uses air cargo lifts manufactured by defendants. Each of the 167 claims involves, like plaintiff's, lower leg crush injuries.

Plaintiff believes the "notice of loss" and "doctor's first medical report" for the 167 claims are likely to contain information regarding prior lower leg crush injuries on the air cargo lifts and/or in the space between the truck trailer and the floating truck bumper. The equipment at issue in the 167 other claims is substantially similar (air cargo systems likely to have been manufactured by the same company), as is the type of injury (lower leg injuries). The 167 claims are therefore relevant to the dispute between plaintiff and defendants regarding the location on the air cargo system where plaintiff was injured and the nature of the injury sustained at the particular location.

The "notice of loss" form provided to plaintiff to complete is attached as Exhibit 2. The "doctor's first medical report" regarding plaintiff is attached as

OAKLAND OFFICE
7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

SAN DIEGO OFFICE
402 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101
P:(619) 615-4226 • F:(619) 374-7429

Exhibit 3. These are standard forms that are regularly used by the workers' compensation medical provider

The "notice of loss" form contains fields for the employee to complete "Address and description of where injury happened" and "describe injury and body part of body affected"; there are also fields for the date and time of the injury. The "doctor's first medical report" contains a field "PATIENT, PLEASE DESCRIBE HOW THE ACCIDENT OR EXPOSURE HAPPENED" and SUBJECTIVE COMPLAINTS/ OBJECTIVE FINDINGS/ DIAGNOSIS.

Plaintiff's subpoena *specifically requests that all personal identifying information be redacted* from any records produced in response to the subpoena, in order to preserve privacy of the FedEx workers. Plaintiff agrees that all information can be redacted from the records produced except those items listed above. Proposed "exemplar" redactions are attached as Exhibits 4 and 5. The FedEx workers anonymity will be preserved by these redactions.

## MEET AND CONFER

Sedgwick timely objected to the subpoena on the grounds that it was burdensome and oppressive, caused undue expenses to search, collect and reply to, and contained requests for documents that were vague and ambiguous, such that it would be unreasonable to expect Sedgwick to locate the requested files to produce because the requests did not contain the required information needed to search, namely the specific claims numbers requested.

Sedgwick was granted an extension of time to respond to allow the parties to meet and confer, which was productive. Plaintiff obtained, through FedEx, an updated list of claims sought with corresponding claims numbers attached, which allowed Sedgwick to perform the search for records.

In the interim, Sedgwick raised an additional objection to the production, namely that to require Sedgwick to produce non-party medical records would necessarily create HIPPA liability.

Sedgwick agreed in principle to produce the records, once located, subject to a properly issued Court Order requiring production of the requested documents, and providing non-party Sedgwick clear guidance on the information to be redacted from the non-party medical records, such that compliance with HIPAA regulations is met.
OAKLAND OFFICE
7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

SAN DIEGO OFFICE
402 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101
P:(619) 615-4226 • F:(619) 374-7429

# THE PARTIES POSITION REGARDING THE RECORDS

## Sedgwick's Position:

Sedgwick has been served with a subpoena calling for the production of medical records of current and former FedEx employees who suffered injuries and had Workers' Compensation claims adjusted by Sedgwick, FedEx's Third Party Administrator. These medical records concern non-parties to the subject litigation and are classified as "personally-identifiable health information."

Sedgwick, as a third party administrator of workers' compensation claims, necessarily collects protected health information. While Sedgwick is not a health plan, health care provider, or health care clearinghouse, it is arguably a "business associate" insomuch as it performs claims processing and utilization review for covered claims and in the process stores and has maintained personally identifiable health information.

In order to comply with the disclosure exceptions to the Health Insurance Portability and Accountability Act of 1996, Sedgwick is requesting that this Court issue an Order requiring the production of the identified records pursuant to 45 C.F.R. § 164.512(a).

Lastly, Sedgwick requests that any Order issuing from this Court mandating production of the subpoenaed documents provide at least 5 days for Sedgwick to produce, to allow Sedgwick sufficient time to redact all personally identifiable information.

## Plaintiff's Position:

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

OAKLAND OFFICE
7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

SAN DIEGO OFFICE
402 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101
P:(619) 615-4226 • F:(619) 374-7429

The parties agree that the records at issue are relevant under Federal Rule of Civil Procedure 26. The only issue is whether redacted records will be produced pursuant to 45 C.F.R. § 164.512(a), which states:

(a) Standard: Uses and disclosures required by law.
   (1) A covered entity may use or disclose protected health information to the extent that such use or disclosure is required by law and the use or disclosure complies with and is limited to the relevant requirements of such law.
   (2) A covered entity must meet the requirements described in paragraph (c), (e), or (f) of this section for uses or disclosures required by law.

Subsection (e) applies here:

(e) Standard: Disclosures for judicial and administrative proceedings—
   (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
      (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; ...

Since the parties agree that the documents at issue will be redacted, there will be no disclosure of any protected privacy interest. Given the direct relevance of the material sought to the issues involved in plaintiff's lawsuit, ordering disclosure, while providing Sedgwick clear guidance on the information to be redacted from the non-party medical records, will ensure compliance with HIPPA regulations and protection of all private information contained in the 167 claims files. The interests of justice will be served by the court issuing an order compelling production and providing guidance, in conformity with the HIPPA laws described above, such that there will be no intrusion into the privacy of the 167 claimants.

**Defendant's Position:**

Defendants do not take a position on this discovery matter and will not sign this letter. Defendants' counsel's confirming email is attached as Exhibit 6.

OAKLAND OFFICE
7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

SAN DIEGO OFFICE
402 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101
P:(619) 615-4226 • F:(619) 374-7429

# CONCLUSION

Counsel for the parties and Sedgwick thank Your Honor in advance for assisting in the resolution of this discovery dispute.

Yours very truly,

_____          _____          Dated: 05/05/15
Brian D. Amonn            Scott Sumner
(for Sedwick)             Mark Baller
                          (for plaintiff)

OAKLAND OFFICE
7677 OAKPORT STREET, SUITE 520
OAKLAND, CALIFORNIA 94621
P:(510) 613-8370 • F:(510) 613-8371

SAN DIEGO OFFICE
402 WEST BROADWAY, SUITE 400
SAN DIEGO, CALIFORNIA 92101
P:(619) 615-4226 • F:(619) 374-7429

## CONCLUSION

Counsel for the parties and Sedgwick thank Your Honor in advance for assisting in the resolution of this discovery dispute.

Yours very truly,

5/15/15: _____  
Brian D. Amonn  
(for Sedwick)

_____  
Scott Sumner  
Mark Baller  
(for plaintiff)

**OAKLAND OFFICE**  
7677 Oakport Street, Suite 520  
Oakland, California 94621  
P:(510) 613-8370 • F:(510) 613-8371

**SAN DIEGO OFFICE**  
402 West Broadway, Suite 400  
San Diego, California 92101  
P:(619) 615-4226 • F:(619) 974-7429