

Krsto Mijanovic
*direct:* (213) 542-8044
kmijanovic@hbblaw.com

Haight Brown & Bonesteel LLP

555 South Flower Street
Forty-Fifth Floor
Los Angeles, California 90071
213.542.8000
213.542.8100 fax

www.hbblaw.com

May 28, 2015

**VIA ELECTRONIC FILING VIA CM/ECF**

The Hon. Susan Illston
United States District Court Judge
Northern District of California
San Francisco Courthouse
450 Golden Gate Avenue
Courtroom 10 - 19th Floor
San Francisco, CA 94102

    Re:    Cornell v. Columbus McKinnon Corporation, et al.
           Case No. 3:13-cv-02188 (SI)

Dear Judge Illston:

    Defendant Yale Industrial Products, Inc. ("Yale" or "Defendant") and plaintiff Brian Cornell ("Cornell" or "Plaintiff") submit this Joint Letter pursuant to Your Honor's Standing Order regarding discovery disputes.

**I.    BACKGROUND**

    On February 16, 2011, plaintiff Brian T. Cornell was working for Federal Express at the Oakland Hub, Federal Express facility. Plaintiff's First Amended Complaint alleges he was injured while using a "scissor lift cargo moving system." The "scissor lift cargo moving system" is comprised of two pieces of equipment: an air cargo lift and a "floating truck bumper." Plaintiff alleges he was injured while unloading a 5,488 pound container from a Federal Express truck trailer onto the scissor lift cargo moving system. Specifically, Plaintiff alleges his left boot was caught in a gap between a brow roller on the air cargo lift and the leading edge of the air cargo lift. The weight of the container crushed plaintiff's boot and foot in the brow roller gap, which resulted in a serious nerve injury caused by the crushing of his foot.



The Hon. Susan Illston
May 27, 2015
Page 2

## II. MEET AND CONFER / DISCOVERY AT ISSUE

The parties have met and conferred in good faith throughout the course of this litigation. Over the past two years, the parties have compromised on an ongoing basis to complete approximately 35 sets of written discovery (approximately 900 various requests), 45 depositions in six different states, and three site inspections. At present, only ten requests for admission remain in dispute.

In March 2015, Yale served its Requests for Admission (Set One) and corresponding Special Interrogatories (Set One). Plaintiff served his responses to this discovery in May 2015. [Exhibits 1 and 2, respectively.] The following requests remain at issue:

**Request No. 5**: The information that YOU provided on the MEDICAL FORM was accurate at the time you filled out the MEDICAL FORM.

> **Plaintiff's Response To No. 5**: Plaintiff objects to this request on the grounds "accurate" is vague and ambiguous. [] Admit the information I provided on the medical form was written by me to provide information to US Health Works regarding my injury. Otherwise, denied.

**Request No. 11**: At the time of the INCIDENT, YOUR left foot slipped into the space between the trailer and the dock, as set forth in the STATEMENT.

> **Plaintiff's Response To No. 11**: Admit that I slipped on a roller, and admit that it was my perception that "my left foot slipped into the space between the trailer and dock enough to get caught under the offloading fully loaded AMJ container." Otherwise, denied.

**Request No. 12**: At the time of the INCIDENT, YOU slipped and YOUR left foot slipped into the space between the trailer and dock, as set forth in the STATEMENT.

> **Plaintiff's Response To No. 12**: Admit that I slipped on a roller, and admit that it was my perception that "my left foot slipped into the space between the trailer and dock enough to get caught under the offloading fully loaded AMJ container." Otherwise, denied.

**Request No. 13**: At the time of the INCIDENT, YOU slipped and YOUR left foot slipped into the space between the trailer and dock enough to get caught under the fully loaded AMJ, as set forth in the STATEMENT.





The Hon. Susan Illston
May 27, 2015
Page 3

> **Plaintiff's Response To No. 13**: Admit that I slipped on a roller, and admit that it was my perception that "my left foot slipped into the space between the trailer and dock enough to get caught under the offloading fully loaded AMJ container." Otherwise, denied.

**Request No. 14**: At the time of the INCIDENT, YOUR left foot slipped into the space between the trailer and dock enough to get caught under the fully loaded AMJ, as set forth in the STATEMENT.

> **Plaintiff's Response To No. 14**: Plaintiff objects to this request on the grounds that "at the time" is vague and ambiguous.  [] Admit that I wrote the statement to describe to Jack Jordan how the INCIDENT occurred, but was not intended to be an exhaustive description of every fact and detail about how the INCIDENT occurred.  Admit that I slipped on a roller, and admit that it was my perception that "my left foot slipped into the space between the trailer and dock enough to get caught under the offloading fully loaded AMJ container."  Admit that my foot then went onto the deck of the scissors lift where it was crushed between the AMJ and the deck in the location where the deck houses a roller I have come to learn is referred to as a 'brow roller.'  Otherwise, denied.

**Request No. 17**: At the time of the INCIDENT, YOUR left foot was in the SPACE when the AMJ CONTAINER made contact with it.

> **Plaintiff's Response To No. 17**: Plaintiff objects to this request on the grounds that "at the time" is vague and ambiguous.  [] Admit that I slipped on a roller, and admit that it was my perception that "my left foot slipped into the space between the trailer and dock enough to get caught under the offloading fully loaded AMJ container."  Otherwise, denied.

### III.    DEFENDANT YALE'S POSITION

<u>No. 5</u>:

This request asks plaintiff to admit that he provided accurate information on the medical form he completed at U.S. Healthworks shortly after the incident on February 16, 2011.  Plaintiff's objection that the term "accurate" is vague and ambiguous lacks credibility.  The plain meaning of the word "accurate" means that something conforms to the truth.  Further, plaintiff's response to this request is non-responsive.  Plaintiff admits the information provided on the medical form was written by plaintiff to provide information to U.S. Healthworks regarding his injury, but the request does not ask plaintiff *why* he completed the medical form.  The request asks plaintiff to admit that the information asserted therein is accurate.



The Hon. Susan Illston
May 27, 2015
Page 4

As drafted, plaintiff's response denies all information on the medical form – including plaintiff's name, basic contact information, and employment information, as well as the location of his pain and its intensity.

Pursuant to *Federal Rule of Civil Procedure* 36, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Here, plaintiff's response to the corresponding interrogatory to Request for Admission No. 1 does not specifically set forth what portions of the medical form are accurate and which are inaccurate. Rather, plaintiff merely asserts that the information in the medical form is incomplete and otherwise denies the remainder of the request. If plaintiff wants to deny this request, then he must identify what information in the medical form is inaccurate in the corresponding Interrogatory No. 1.

Nos. 11 through 14, and 17:

These requests ask plaintiff to admit certain assertions set forth in his handwritten witness statement. Plaintiff evades these requests, admitting that he slipped on a roller and it was his "perception" that his "left foot slipped into the space between the trailer and dock enough to get caught under the offloading fully loaded AMJ container." Plaintiff's responses are non-responsive. These requests do not ask plaintiff what he slipped *on* – they ask plaintiff to commit to the location of his left foot at the time of the incident.

Plaintiff attempts to distance himself from his handwritten statement by muddling his responses with language about his "perception." Plaintiff's evasive responses suggest that the incident did not occur as he perceived it. Yale is not asking plaintiff what he perceived. Rather, Yale wants plaintiff to take position as to what actually occurred. If plaintiff wishes to adopt his written statement as an accurate description of the incident, then he must simply admit as much. If plaintiff wishes to dispute his own description of the incident, he must respond to the corresponding interrogatory and explain the basis of his denial. Further, these requests do not ask plaintiff to admit anything as it relates to whether his foot then went onto the deck of the scissors lift where it was crushed "where the deck houses a roller." Plaintiff's handwritten witness statement makes no mention of a roller or its housing.

Perception is requisite to personal knowledge. If plaintiff "perceived" his left foot going into the space at the time of the incident, then he must admit these requests. It is up to plaintiff to provide the facts relating to the details of the incident based on his own personal knowledge. Alternatively, if plaintiff wants to deny these requests then Defendant Yale is entitled to know the facts upon which plaintiff's denials are based in his responses to the corresponding interrogatory.

CK06-0000001
11620328.1





The Hon. Susan Illston
May 27, 2015
Page 5

## IV. PLAINTIFF BRIAN CORNELL'S POSITION

<u>No. 5</u>:

Plaintiff's position is that so long as defendant now agrees to define their use of the term "accurate" to mean "conforms to the truth," plaintiff can respond further to such a request. At the U.S. Healthworks clinic, Mr. Cornell was given paperwork to complete. The paperwork required that Mr. Cornell include a description of how the injury occurred. Plaintiff had no reason to believe his medical examiner had any knowledge of the names and physical layout of various pieces of equipment at the Federal Express Oakland airport facility. The information plaintiff provided concerning how the incident took place was only meant to convey to his physicians that his foot was crushed between a large container and another piece of equipment, and truthfully did so. However, to the extent defendants would seek to argue that "accurate" means exact, exhaustive, detailed, or meticulous – other terms which might be used to define "accurate" – it is apparent that the term "accurate" is vague, in that is it capable of definition to varying degrees of specificity which plaintiff neither understood the U.S. Healthworks form to require, nor provided on the medical form.

Plaintiff's counsel understood defendants' request to be targeted solely to the portion of the form concerning how the injury occurred. The portions of that form which reflect plaintiff's name and other general information were not reflected in his response, and plaintiff frankly believes defense counsel so understood.

<u>Nos. 11 through 14, and 17</u>:

Defendant defined INCIDENT as referring to "the incident on or about February 16, 2011 involving Brian Cornell that gave rise to this lawsuit."

That definition does not restrict INCIDENT to a point in time, but instead covers a sequence of events that began when plaintiff slipped on a roller, and ended when his foot was pinned and crushed between a large cargo container and an opening in the top of equipment designed and manufactured by defendants. Thus "At the time of the INCIDENT" does not refer to a point in time, but instead to a sequence of events.

Plaintiff has denied defendants' requests, and explained the basis therefore. The events transpired very rapidly, and plaintiff has explained that it was his perception that his foot slipped into the space between the trailer and the dock, but that he knows that his foot was crushed between the cargo container and the deck, or top, of the dock, in a space around a roller plaintiff now understands (from this litigation) is referred to as a 'brow roller.'



The Hon. Susan Illston
May 27, 2015
Page 6

Plaintiff can agree to provide further responses that explain, as we have explained here, that he cannot admit or deny for the reasons set forth in his prior response.

### V. CONCLUSION

Plaintiff and Defendant Yale thank Your Honor in advance for assisting in the resolution of this discovery dispute.

Very truly yours,

/s/ Krsto Mijanovic

Krsto Mijanovic
Haight Brown & Bonesteel LLP
Attorney for Defedant Columbus
McKinnon Corporation

/s/ Scott Sumner

Scott Sumner
Sumner Law
Attorneys for Plaintiff Brian Cornell