UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CORNELL,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBUS MCKINNON<br>CORPORATION, et al.,<br><br>    Defendants. | Case No. 13-cv-02188-SI<br><br>**ORDER RE: MOTION TO AMEND FIRST AMENDED COMPLAINT; DISCOVERY LETTER**<br><br>Dkt. Nos. 70, 71 |

On May 29 2015, the Court heard argument on plaintiff's motion to amend the first amended complaint. Docket No. 70. For the reasons stated below, the Court **DENIES** plaintiff's motion to amend.

On May 18 2015, plaintiff and non-party Sedgwick Claims Management Services Inc. filed a joint discovery letter. Docket No. 71. For the reasons stated below, the Court **ORDERS** Sedgwick to produce the requested documents.

### BACKGROUND

On February 11, 2013, plaintiff filed a complaint against Columbus McKinnon Corporation, American Lifts, Inc., Autoquip, and Does 1-200, claiming he was injured while performing his usual work duties for Federal Express at the Oakland Hub at Oakland International Airport. Compl. ¶ 3. Plaintiff alleges that on February 16, 2011, his foot was crushed while he used a scissor lift cargo moving system, and that the injury was caused by defects in the design and/or manufacture of the system. Compl. ¶ 12. Plaintiff alleges that his injury caused permanent damage to his person, body and health, "including but not limited to severe injuries to muscle,

bone, tissue and nerves." Compl. ¶¶ 12, 19. Plaintiff alleges that as a result of defendants' conduct, plaintiff needed to employ the services of hospital, surgeons, physicians, and nurses, which led to medical, hospital, professional, and incidental expenses. Compl. ¶ 20. Plaintiff believes he will necessarily incur additional expenses for an indefinite period into the future. *Id.* Plaintiff also claims to have suffered continuous chronic pain, suffering, anxiety, and emotional distress. Compl ¶ 21. Finally, plaintiff claims he sustained a loss of earning capacity because he is now prevented from attending to his usual occupation for an unforeseeable time into the future. Compl. ¶ 22.

On July 17, 2013, the Court denied plaintiff's motion to remand. Docket No. 24. On May 29, 2014, plaintiff filed a first amended complaint ("FAC") to add an additional defendant, Yale International, Inc. Docket No. 40. After several prior continuances, the deadline for the conclusion of non-expert discovery was April 30, 2015. Docket No. 64. Now before the Court is plaintiff's motion to amend the FAC to add another new defendant, filed on May 15, 2015; and a discovery letter filed May 18, 2015. Docket No. 70.

## LEGAL STANDARD

If more than 21 days have passed since a pleading was served, Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading only if the opposing party consents, or the Court grants leave.[1] "The court should freely give leave when justice so requires." Fed. R. Civ. P.

---

[1] In their opposition, defendants suggest that plaintiff must comply with both the requisites of Rules 15 and 16 because adding a new defendant at this stage of the litigation would violate the Court's scheduling order. When a party's motion to amend violates the court's pretrial scheduling order, it must first show compliance with Rule 16's "good cause" standard, and it cannot avail itself of the more permissive procedures under Rule 15. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Rule 15 does not provide the standards by which we consider Johnson's motion to amend to add [a new defendant]. Once the district court had filed a pretrial scheduling order pursuant to [Rule] 16 which established a timetable for amending pleadings that rule's standards controlled."). However here, defendants do not point to a particular provision of

2

15(a)(2). Leave to amend should be granted "with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). A court should freely grant leave to amend unless the opposing party can establish a factor such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (listing factors as "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile"). "Amendments seeking to add claims are to be granted more freely than amendments adding parties." *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

The relevant factors are not of equal weight. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). However, "[b]ald assertions of prejudice cannot overcome" Rule 15(a)'s strong policy in favor of reaching a proper disposition on the merits of the case. *Hurn v. Ret. Fund Trust of Plumbing, Heating and Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981).

---

the scheduling order that plaintiff has violated, and the Court's scheduling order does not establish a deadline for amendment of the pleadings or for adding additional parties. Docket No. 64. Presumably, defendants mean to suggest that allowing amendment to add a new party after the close of fact discovery would invariably require the Court to amend its scheduling order to continue discovery deadlines (fact discovery closed on April 30, 2015). *Id.* In any event, the Court need not decide whether Rule 16 applies, as it would not affect the ultimate disposition of this motion. *Cf. Perez v. Pavex Corp.*, No. 801CV0069T27MSS, 2002 WL 31500404, at *1 (M.D. Fla. Oct. 18, 2002) (where scheduling order "does not set forth a deadline *per se*" for amendment of complaint, Rule 15 applies).

3

**DISCUSSION**

**I.    Motion to Amend**

One of the central disputes between the parties concerns the location of the accident. Plaintiff contends that he was injured while on the air cargo lift apparatus, while defendant contends that plaintiff was injured in the space between the trailer and the dock, where the "floating truck bumper" resides. Plaintiff wishes to amend the FAC to add DW Nicholson as a defendant in the action, because plaintiff claims to have recently discovered that DW Nicholson is the manufacturer of the truck bumper. Plaintiff also wishes to assert for the first time that the bumper was defective.

Plaintiff states that three recent events apprised him of new information that put him on notice of DW Nicholson's potential liability. First, plaintiff claims that he learned that DW Nicholson was the manufacturer of the bumper for the first time on February 23, 2015, during a deposition of Bob Bivens, a FedEx project manager. Docket No. 70, Mot. at 2. Second, during a deposition of Mike Fountain, a FedEx engineer, on March 16 to 18, 2015, plaintiff claims to have discovered that the bumper was designed in a way that increased the risk that workers would be injured. *Id.* Third, plaintiff's own hand written note  written on the day of the accident, but produced by defendants in March of 2015 – appears to reveal that he believed his foot was at one point caught between the dock and the trailer (the area where the bumper would have been).[2] Docket No. 72, Guido Decl. Exh. 2.

**A.    Undue Delay**

In assessing whether there is undue delay, the Court must ask "whether the moving party knew or should have known the facts and theories raised by the amendment in the original

---

[2] The note, dated, February 16, 2011, reads: "Weather: Rainy & Wet. A MLD worker and I where (*sic*) offloading my trailer (705726) of freight from the EPES station while unloading the AMJ at the (meeting point) between the trailer and the MLD loader I slipped and my left foot slipped into that space between the trailer and the dock enough to get ~~crushed~~ caught under the offloading fully loaded AMJ and crushed between the AMJ and the deck of the loading dock." Guido Decl. Exh. 2 (strikethrough in original).

4

pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (citing *Jackson* 902 F.2d at 1388). However undue delay alone is typically not a sufficient basis to deny a motion to amend. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Defendants contend that plaintiff was aware of DW Nicholson's potential liability long before the depositions of Bivens and Fountain, or the production of plaintiff's handwritten note in February and March of 2015. Defendants point to plaintiff's subpoena of DW Nicholson in September of 2014, requesting, *inter alia*, documents relating to the truck bumper. Guido Decl. Exh. 6. In October of 2014, DW Nicholson responded and provided documents including design drawings for truck bumpers at the Oakland Hub. *Id.* Exh. 7. According to defendants, since the time that plaintiff became aware of DW Nicholson's involvement almost eight months ago, the parties completed 30 depositions in five different states, 12 sets of written discovery, and two site inspections, yet plaintiff never once – and to date still has not – subpoenaed DW Nicholson for deposition. Def. Opp'n at 10; Guido Decl. Exh. 9. In his reply, plaintiff asserts that DW Nicholson's October production of documents also included certain contracts for work performed at the Oakland Hub, but made no mention of truck bumpers. Pl. Rep at 2; Sumner Decl. Exh. 2-3. However, this does nothing to undermine defendant's contention that by October of 2014, plaintiff was in possession of documents showing that DW Nicholson was responsible for manufacturing the truck bumpers. It also does not explain why plaintiff chose not to subpoena DW Nicholson for deposition.

Next, defendants argue that plaintiff was in possession of the information contained in his hand written note long before it was produced in March of 2015. Defendants point to a doctor's note written four hours after the accident, wherein Dr. Caradang writes down plaintiff's description of what transpired. The note in question essentially echoes the same series of events plaintiff outlined in his own contemporaneously written note. See Guido Decl. Exh. 3. Defendants claim to have produced Dr. Caradang's note "at the beginning of discovery," Def. Opp'n at 15, which plaintiff does not contest. Therefore, plaintiff cannot claim that he only recently became aware of his own contemporaneous account of the accident when defendants produced his note in

1 March of 2015.

2     In sum, plaintiff was well aware of the truck bumper's role in his accident long before any of the three recent events he claims apprised him of new information.[3] This factor weighs in favor of denying plaintiff's motion. *See AmerisourceBergen* 465 F.3d at 953 ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.") (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir.1991)).

### B.  Bad Faith

    Defendants suggest that plaintiff's motion is aimed at circumventing the higher standard required by Rule 36 to amend or withdraw an admission,[4] and furthermore that amendment would be futile in light of plaintiff's prior admissions. In December of 2014 – two months after receiving design drawings of the truck bumper from DW Nicholson, and after multiple site visits during which plaintiff's expert was able to inspect the truck bumper – plaintiff admitted, in response to requests for admission from defendants, that (1) the truck bumper did not contain a design defect, and (2) that plaintiff's injuries were not caused by a design defect, a manufacturing defect, or a warning defect in the truck bumper. Guido Decl. Exh. 11, RFA Nos. 76, 88, 91, 94. Therefore, defendants are correct that absent an order from this Court permitting plaintiff to amend his admissions, amending the FAC to add DW Nicholson as a defendant would be futile.

    Defendants also contend that plaintiff's motion to amend represents a *sub rosa* attempt to destroy diversity – as DW Nicholson is a California corporation – and therefore revive his failed attempt to remand this action to state court. "[A] trial court should look with particular care at such

---

[3] Defendants also argue that plaintiff has significantly mischaracterized the testimony of Messrs. Fountain and Bivens. However even accepting, *arguendo*, plaintiff's representations of their testimony, he was already in possession of the "new" information he claims they provided.

[4] Under Rule 36, a court may grant a motion to amend an admission "if it would [1] promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36. However, even if the moving party satisfies this two-part test, the Court is not required to allow amendment. *Conlon v. United States*, 474 F.3d 616, 624 (9th Cir. 2007).

motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *see also Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999) ("The liberal amendment provisions of Rule 15(a) are designed to help the parties and the court reach the merits of a dispute; they should not be applied in a manner that frustrates that very function. Such frustration would result if a plaintiff were permitted to amend a complaint solely to manipulate the forum in which the complaint will be heard.").

At argument, plaintiff's counsel represented to the Court that this motion was not motivated by a desire to destroy diversity, and that in fact, the issue of jurisdiction had not even occurred to him until he read defendants' opposition brief. The Court cannot discern from the facts before it whether or not this motion was brought with an improper motive. However, the jurisdictional consequences of granting plaintiff's motion do bear on the issue of prejudice, discussed below.

### C. Prejudice

"As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight" in deciding whether to grant leave to amend. *Eminence Capital* 316 F.3d at 1052; *see also Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) ("The single most important factor is whether prejudice would result to the nonmovant.") (internal citations omitted).

Defendants' theory of the case is that plaintiff was injured between the dock and the trailer – the area where the truck bumper resides. Allowing plaintiff to add DW Nicholson – the manufacturer of the truck bumper – as a defendant would introduce a litigant whose interests are materially adverse to defendants. It would also require the Court to reopen fact discovery, which would impose significant costs on defendants, require a fourth site visit, and one or two dozen depositions in locations throughout the country. Adding DW Nicholson as a party would also destroy diversity, and require this Court to remand this action to state court where the parties

7

would presumably start from scratch.

This case has been pending in federal court for over two years. Plaintiff has already previously amended his complaint to add an additional defendant. Docket No. 40. The Court has, on four separate occasions, granted the parties' motions to extend pretrial deadlines. Fact discovery concluded a month ago. Dr. Caradang's note put plaintiff on notice of the truck bumper's role in his injury almost two years ago; and plaintiff was aware that DW Nicholson manufactured the truck bumper seven months ago. Therefore, in light of plaintiff's failure to provide any credible reason for his undue delay in bringing this motion at this late stage of the proceeding, and because of the substantial prejudice that would otherwise be visited upon defendants, the Court **DENIES** plaintiff's motion to amend the FAC.

## II. Discovery Letter

On November 10, 2014, the Court issued an order resolving a discovery dispute between plaintiff, defendants, and FedEx. Docket No. 58. Therein, the Court ordered FedEx to produce certain documents. As a result of information acquired by plaintiff from those documents, in March of 2015, plaintiff served Sedgwick Claims Management Services Inc. ("Sedgwick") – a non-party to this action – with a subpoena requesting medical documents relating to leg injuries suffered by other FedEx employees. The parties have agreed that all personal identifying information shall be redacted. Sedgwick does not currently oppose the subpoena, but claims that under the Health Insurance Portability and Accountability Act ("HIPAA"), it is precluded from producing the documents absent a Court order. Defendants take no position this matter.

The Court finds that these documents "appear[] reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), and therefore **ORDERS** Sedgwick to produce the requested documents.

**IT IS SO ORDERED.**

Dated: May 28, 2015

_____
SUSAN ILLSTON
United States District Judge

8