UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CORNELL,<br><br>          Plaintiff,<br><br>     v.<br><br>COLUMBUS MCKINNON CORPORATION, et al.,<br><br>          Defendants. | Case No. 13-cv-02188-SI<br><br>**ORDER RE: DISCOVERY LETTER**<br><br>Re: Dkt. Nos. 76, 77 |

Now before the Court are two discovery letters submitted by the parties. Docket Nos. 76, 77. These are the third and fourth discovery letters submitted in this case. See Docket Nos. 58, 71. The disputes arise out of the parties' disagreement as to whether plaintiff has provided sufficiently detailed and comprehensive responses to certain requests for admission ("RFA").

**A.    "Accurate"**

In RFA No. 5, defendants ask plaintiff to admit that the information he provided on a medical form was "accurate." Plaintiff objected on the ground that the term accurate is vague and susceptible to multiple meanings. In the discovery letter, defendants argue that accurate simply means "conforms with the truth." Docket No. 77 at 3. Plaintiff responds: "so long as defendant now agrees to define their use of the term 'accurate' to mean 'conforms to the truth,' plaintiff can respond further to such a request." *Id.* at 5.

From the face the discovery letter, it appears the parties have come to a resolution on this issue. Accordingly, the Court **ORDERS** plaintiff to respond to RFA No. 5 under the assumption that "accurate" is defined as "conforms to the truth."

**B.    Perception vs. Reality**

The next dispute arises out of a series of RFAs which ask plaintiff to specify the location of his left foot at the time of the accident. RFA Nos. 11-14, 17. Defendants take issue with the fact that plaintiff qualifies his responses by noting that they represent his "perception" of events, rather than basing his answers on reality.[1] Docket No. 77 at 4 ("Yale is not asking plaintiff what he perceived. Rather Yale wants plaintiff to take a position as to what actually occurred."). These RFAs implicitly require plaintiff to rely on his personal knowledge of what occurred; therefore plaintiff may answer them based on his perception of events at the time of the accident. However, if plaintiff's perception has changed since the time of the injury, he must amend his responses to reflect his current understanding of the events that transpired.

**C.    Sequence of Events**

The final dispute arises out of a series of RFAs which ask plaintiff to clarify whether his foot was stuck in a gap before it was crushed by a container, or whether it was the force of the container that wedged his foot in a gap. RFA Nos. 101-03, 105. Plaintiff's responds that "[t]he injury-producing event transpired so quickly" that he is not able to recollect the exact sequence of events. Docket No. 76 at 2. Defendants argue that this contradicts plaintiff's hand-written note and deposition testimony which tend to show that his foot was caught in the gap before it was crushed by the container. *Id.* at 3-4. However, it is not obvious to the Court that his response is inconsistent with prior testimony; and in any event, a statement that his recollection does not allow him to admit or deny the RFAs is sufficient in this case. See Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if

---

[1] As tempting as it may be to delve into this philosophical thicket, the Court doubts that this discovery dispute is the proper vehicle to resolve one of the most vexing metaphysical questions of our time. As Emerson once noted, "[d]ream delivers us to dream, and there is no end to illusion. Life is like a train of moods, like a string of beads, and, as we pass through them, they prove to be many-colored lenses which paint the world their own hue." Whatever the hue of Mr. Cornell's lenses, his perception will have to suffice for purposes of responding to RFA Nos. 11, 12, 13, 14, and 17, even as the epistemological quest to uncover the true meaning of reality wages on in our midst. *See also* Koch, "Looks Can Deceive: Why Perception and Reality Don't Always Match Up," *Scientific American,* August, 2010.

the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.").

**IT IS SO ORDERED.**

Dated: July 1, 2015

_____
SUSAN ILLSTON
United States District Judge