UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CORNELL,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUMBUS MCKINNON<br>CORPORATION ET AL.,<br><br>    Defendants. | Case No. 13-cv-02188-SI<br><br>**ORDER RE MOTION HEARING PREPARATION**<br><br>Re: Dkt. Nos. 100, 102, 103 |

    Before the Court are two motions to preclude expert testimony as well a motion for summary judgment, all filed by defendant Yale Industrial Products Inc. ("Yale"). Dkt. Nos. 100, 102, 103. This Order allows certain supplemental briefing.

    1.    Insufficient briefing has been presented on the "risk-hazard" methodology employed by Dr. Manning in this case. *See, e.g.*, *Kordek v. Becton, Dickinson & Co.*, 921 F. Supp. 2d 422, 427 (E.D. Pa. 2013); *Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2012 WL 3643682, at *2 (N.D. Ill. Aug. 23, 2012) (describing the risk-hazard analysis as "industry recognized"); *Morina v. Johnson Controls, Inc.*, No. 5:10CV125, 2012 WL 1965674, at *3 (E.D. Tex. May 31, 2012) (applying the approach to car seat restraint systems); *see also Cortez v. Glob. Ground Support, LLC*, No. 09-4138 SC, 2010 WL 5173861, at *4-*5 (N.D. Cal. Dec. 15, 2010) (finding Dr. Manning's "risk-hazard" methods reliable in a scissor lift case, but leaving open the possibility of a later-filed motion *in limine* or *Daubert* hearing); *Brannon v. Home Depot U.S.A., Inc.*, No. CIV. A. H-00-3160, 2002 WL 34369191, at *4 (S.D. Tex. Mar. 18, 2002). The parties should be prepared to discuss this issue at the hearing and may, if they choose, file supplemental briefing not to exceed 10 pages by 4:00 p.m. on Wednesday, February 24, 2016..

    2.    Plaintiff should likewise be prepared to discuss Yale's argument — raised for the first time in its reply brief — that plaintiff has not designated an expert to testify on the subject of

1  whether the scissor lift failed to meet the reasonable expectation a very limited group of
2  consumers for whom the lift was manufactured, *e.g.*, those who use, purchase, inspect, examine, or
3  otherwise engage with the product that is the scissor lift.  *See* Dkt. 112 at 12; *Soule v. General*
4  *Motions Corp.*, 8 Cal. 4th 548, 567 n.4 (Cal. 1994).  The parties should be prepared to discuss this
5  issue at the hearing and plaintiff may, if he chooses, file supplemental briefing not to exceed 10
6  pages by 4:00 p.m. on Wednesday, February 24, 2016..

**IT IS SO ORDERED**.

Dated: February 19, 2016

_____
SUSAN ILLSTON
United States District Judge